# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-1867
Filed July 22, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**John Henry Donohue,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Story County,
The Honorable Stephen A. Owen, Judge.

———————————

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND
REMANDED FOR A CORRECTED SENTENCING ORDER**

———————————

Leah Patton of Patton Legal Services, LLC, Ames, attorney for appellant.

Brenna Bird, Attorney General, and Martha E. Trout (until withdrawal),
and Olivia D. Brooks, Assistant Attorneys General, attorneys for appellee.

———————————

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Badding, J.

1

**BADDING, Judge.**

Sixty-six-year-old John Donohue has a criminal record that spans several decades and several states—most recently in Iowa. Following his guilty plea to forgery as a habitual offender,[1] the district court sentenced Donohue to an indeterminate term of imprisonment not to exceed fifteen years, with a three-year mandatory minimum. The court also imposed but then suspended a fine and crime services surcharge.

Donohue appeals,[2] claiming the district court abused its discretion by sentencing him to prison instead of probation and by imposing a fine and surcharge not permitted by law. We reject Donohue's first claim but agree with him on the second.

Because the prison sentence imposed by the district court was within the statutory limits, it "is cloaked with a strong presumption in its favor." *State v. Damme*, 944 N.W.2d 98, 105–06 (Iowa 2020). "We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *Id.* at 103 (citation omitted). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Duffield*, 16 N.W.3d 298, 302 (Iowa 2025) (citation omitted). We find no abuse of discretion here.

---

[1] In exchange for Donohue's guilty plea, the State agreed to dismiss two related charges, with the parties free to "argue for whatever legal sentence each feels is appropriate."

[2] Because Donohue is challenging a sentence that was neither mandatory nor agreed to as part of his plea bargain with the State, he has established "good cause" to appeal under Iowa Code section 814.6(1)(a)(3) (2024). *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

At the sentencing hearing, Donohue advocated for a suspended sentence and probation—which was also recommended by the presentence investigation report. He highlighted his age, medical conditions, struggles with substance use, and prior military service. The State sought incarceration, asserting that Donohue has been "a problem for society" for most of his adult life.

The district court considered the mitigating factors raised by Donohue but found they were outweighed by his criminal history and failures at rehabilitation. The court explained:

> Mr. Donohue . . . has been offered a number of rehabilitative opportunities and opportunities within the community . . . to redirect his behavior away from criminal sanctions. He has rejected those opportunities. He's rejected them over the course of many decades. He continues to victimize his community and the community in which he's located. . . . [H]e continues to minimize his criminal activ[ities] as such.
>
> Mr. Donohue presents as an ongoing threat to the community, he presents as a person in need of highly-structured rehabilitative offerings.

The court observed that Donohue's request for probation was "not unreasonable" given his age, health conditions, and recent probation for a related offense. Still, his "proclivity over the years to reject community-based services and to continue criminal activity" remained a concern. Ultimately, the court concluded that Donohue's "need for rehabilitation and protection of the community" weighed in favor of imprisonment.

Donohue's argument that the district court "failed to adequately consider other factors that supported giving him a second chance" is not supported by the record. And it simply asks us to substitute the court's decision with our own, which we cannot do. *See State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022) ("Our task on appeal is not to second-guess the

sentencing court's decision." (citation omitted)). While Donohue also faults the court for failing to follow the probation recommendation in the presentence investigation report, a sentencing court is not bound by such a recommendation. *See State v. Hopkins*, 860 N.W.2d 550, 557 (Iowa 2015).

Although the district court did not abuse its discretion in sentencing Donohue to prison, Donohue is correct that the court was without authority to impose a fine and surcharge because neither the forgery statute nor the habitual-offender statute provides for a fine. *See* Iowa Code §§ 715A.2(2)(a)(3) (stating that a forgery by check is a class "D" felony); 902.9(1)(c) (providing no fine for habitual offenders); 902.9(1)(e) (stating the maximum sentence for a class "D" felon who is "not an habitual offender" may include a fine); 911.1(1) (requiring the imposition of a crime services surcharge "[w]hen a court imposes a fine"); *see also State v. Ross*, 729 N.W.2d 806, 809 (Iowa 2007). The State concedes error on this issue.

We accordingly affirm Donohue's prison sentence but vacate the fine and surcharge and remand for entry of a corrected sentencing order. *See State v. Brown*, No. 16-0359, 2017 WL 4049311, at *4 (Iowa Ct. App. Sep. 13, 2017); *cf. State v. Smith*, 17 N.W.3d 355, 361 (Iowa 2025) (vacating only that portion of the sentence dealing with the fine and remanding for resentencing where the fine was within the statutory range but the court was mistaken as to what that range was).

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR A CORRECTED SENTENCING ORDER.**